[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14812
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00047-LC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MANUEL CLARK-CASTANEDA,
a.k.a. Jesus Clark,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 20, 2012)

Before EDMONDSON, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

Jesus Manuel Clark-Castaneda appeals his sentence of 136 months in prison

after pleading guilty to conspiracy and possession of cocaine. On appeal, Clark-

Castaneda argues that his within-guidelines sentence was substantively unreasonable due to disparities with the sentences received by his co-defendants which ranged from 48 months to 180 months. Clark-Castaneda was charged in the indictment along with four other co-defendants, including Jose Guadalupe-Gutierrez. He argues that Guadalupe-Gutierrez only received a sentence of 120 months of imprisonment even though they both were similarly situated.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted), *cert. denied*, 131 S.Ct. 1813 (2011). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in [18 U.S.C.] § 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The § 3553(a) factors include "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Clark-Castaneda has not shown that there was an unwarranted disparity between his sentence and Guadalupe-Gutierrez's sentence. They were not similarly situated. Guadalupe-Gutierrez received a 3-level reduction for acceptance of responsibility, which Clark-Castaneda did not, and had a lower advisory guideline range as a result. Clark-Castaneda's pre-sentence investigation report reflects that he pled guilty on the day of trial after a jury had been selected. Therefore, he did not accept responsibility for his actions. Furthermore, he failed to discuss the facts of the case during the pre-sentence report interview.

Upon review of the record, we find that the district court did not impose an unreasonable sentence because it correctly applied the guidelines and adequately considered all the sentencing factors in imposing a within-guidelines sentence. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

We find no abuse of discretion in determining Clark-Castaneda's sentence and conclude that the sentence was substantively reasonable.

**AFFIRMED.**